
DA 09-0283

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 67N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ELDON HUFFINE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 2007-184BX
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

       For Appellee:

           Hon. Steve Bullock, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

           Catherine Truman, Special Assistant Attorney General, Special Deputy
County Attorney for Gallatin County, Helena, Montana

           Marty Lambert, Gallatin County Attorney, Bozeman, Montana

                    Submitted on Briefs:  March 10, 2010

                           Decided:  March 31, 2010

Filed:

           _____
                         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Eldon Huffine appeals his conviction in the District Court for the Eighteenth Judicial District, Gallatin County, of eight counts of violating an order of protection. We affirm.

¶3    Huffine raises one issue on appeal which we have restated as follows: Whether Huffine was denied his constitutional right to personally appear and defend in a criminal prosecution.

¶4    On November 17, 2006, the District Court issued an Order of Protection for Toba Lord against Huffine, a former acquaintance of Lord's. The order precluded Huffine from telephoning, contacting or in any way communicating with Lord or her children. Huffine was served with the order on December 23, 2006. On April 2, 2007, Lord complained to the Gallatin County Sheriff's Department that Huffine had sent numerous letters to her home address, some addressed to Joan Hubble, Lord's attorney, and some addressed directly to Lord.

¶5    On June 8, 2007, the State charged Huffine with one count of stalking and two counts of violating the Order of Protection. Huffine initially proceeded pro se, but on

October 8, 2008, at Huffine's request, the court appointed a public defender to represent him. The State filed a Second Amended Information on December 5, 2008, charging Huffine with eight counts of Violation of Order of Protection for mailing letters to Lord in violation of § 45-5-626, MCA.

¶6    The case proceeded to trial on January 29, 2009. As the proceedings began, the judge allowed Huffine to address the court before the jury was present. Huffine asserted, among other things, that the District Court did not have jurisdiction over him, that the court was biased and prejudiced against him, that he had a constitutional right to represent himself, that the court had denied him the right to file legal documents in the case, that he was denied the opportunity to depose Lord, and that the State had failed to provide him with the requisite discovery. The court responded that it disagreed with all of Huffine's arguments, specifically finding that the court did have jurisdiction over the matter. The court also pointed out that while Huffine did have the right to represent himself, Huffine had requested counsel in October 2008, and once Huffine did that, he was obligated to continue to be represented by the court-appointed public defender.

¶7    Huffine concluded that the District Court was not qualified to preside over his case, thus Huffine stated that he wished to leave. The court acquiesced to his request and Huffine was escorted out of the courtroom. The court stated for the record that Huffine had voluntarily absented himself from the courtroom. Thereafter, Huffine watched the proceedings via closed-circuit television that had been set up in one of the jury rooms.

¶8    On the morning of the second day of trial, Huffine was present in the courtroom; however, as the proceedings began, Huffine attempted to object. When Huffine

continued to interrupt, even after several warnings from the court to keep quiet and allow his counsel to represent him, the court had Huffine removed from the courtroom. Once again Huffine viewed the proceedings via closed-circuit television.

¶9 The jury found Huffine guilty of two counts of misdemeanor violation of the protective order and six counts of felony violation of the protective order. The District Court sentenced Huffine as a persistent felony offender to two concurrent six-month terms in the Gallatin County Detention Center on the misdemeanor counts, and six concurrent thirty-year terms in the Montana State Prison on the felony counts. Huffine appeals.

¶10 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.

¶11 *Whether Huffine was denied his constitutional right to personally appear and defend in a criminal prosecution.*

¶12 Huffine contends on appeal that his procedural due process rights were violated when he was excluded from the first day of trial without the court first obtaining an on-the-record, personal waiver of his right to be present at his criminal trial. The State counters that Huffine was aware of his right to be present at trial as shown by his prior statements and voluminous writings, and that even if the court committed a technical error by not obtaining an express personal waiver on the record, Huffine did not show that he was prejudiced by his voluntary absence from trial.

4

¶13 The record in this case indicates that neither Huffine nor his counsel made a timely objection to Huffine's trial proceeding without him or to the trial court's alleged failure to obtain an on-the-record, personal waiver of Huffine's right to be present. This is an issue that Huffine raises for the first time on appeal. As we have noted numerous times in the past, this Court will not put a trial court in error for an action in which the appealing party acquiesced or actively participated. *State v. Hurlbert*, 2009 MT 221, ¶ 28, 351 Mont. 316, 211 P.3d 869 (citing *State v. Cybulski*, 2009 MT 70, ¶ 61, 349 Mont. 429, 204 P.3d 7).

¶14 Accordingly, we hold that it is manifest on the face of the briefs and the record before us that this appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion.

¶15 Affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE